UNION PROPERTIES, INC., Respondent, *v.* MORRIS BOGDANOFF, Appellant.

First Department, March 12, 1937.

*Jacob Chaitkin* of counsel [*Chaitkin & Arac,* attorneys], for the appellant.

*Robert S. Garson* of counsel [*Rapaport Brothers,* attorneys], for the respondent.

GLENNON, J. This action was commenced by plaintiff Union Properties, Inc., to recover from the defendant Bogdanoff the sum of $4,260 upon an alleged guaranty of payment by the defendant to the plaintiff of the balance of a debt of a third party, Esdador Holding Corporation. The defendant is the president of Esdador Holding Corporation, hereinafter referred to as Esdador. The so-called guaranty is alleged to have been made both orally and in writing. In his answer the defendant has set up the Statute of Frauds. The question presented for determination is whether the writings contained in the record satisfy ·the requirements of the statute. We are of the opinion that they do not, and that the order should be reversed and summary judgment granted in favor of the defendant.

A brief *résumé* of the facts will demonstrate that plaintiff, Union Properties, Inc., cannot succeed in this action. Esdador was

indebted to plaintiff in a considerable sum for moneys loaned. Esdador was the owner and holder of a bond and second mortgage in the face amount of $37,500 on certain property located in the Bronx. It assigned the bond and mortgage as collateral security for the payment of its indebtedness to the plaintiff.

The indebtedness of Esdador to plaintiff had been reduced to the sum of $6,000 prior to April 1, 1933. Before that date Esdador, by conveyance, became the owner of the property upon which it formerly held the second mortgage. There was no merger, however, since it had assigned the second mortgage to the plaintiff before it received the deed. Esdador and plaintiff on April 1, 1933, entered into an agreement extending the second mortgage as then reduced until December 1, 1936. On the same day the defendant gave to plaintiff his collateral bond guaranteeing payment of the bond and second mortgage.

Sometime later, the date does not appear, Esdador defaulted in the payment of the interest on the first mortgage and a foreclosure action was commenced. While the action was pending, Esdador offered to give plaintiff a deed to the property. The offer was accepted under terms and conditions expressed in a letter from Esdador to plaintiff as follows:

" GENTLEMEN: At your suggestion, we are delivering to-day a deed conveying premises 1775 Townsend Avenue, Bronx, which property is under foreclosure by the first mortgagee and their receiver in possession, to Charlotte Rose, your Secretary, with the understanding that should you be able to realize any money out of the deed and second mortgage you hold against the said premises, you are to credit against our indebtedness to you, as much as you have realized from the same.

" However, should you be unable to realize any money out of the deed and second mortgage because of the foreclosure now pending against the said premises, then our indebtedness to you is to remain the same, and the fact that we are conveying the deed to said Charlotte Rose, is not to affect our indebtedness in any way at all.

" Should you arrange terms with the first mortgagee, and acquire said property, in that event, the conveyance of the deed to said Charlotte Rose is also not to have any effect whatsoever upon our indebtedness to you.

" Very truly yours,
" ESDADOR HOLDING CORP.,
" by: M. BOGDANOFF, *Pres.*"

It is alleged in the twelfth paragraph of the amended complaint that defendant Bogdanoff orally and in writing " consented for himself and for the Esdador Holding Corporation to such sale and such credit and agreed to remain liable for and to pay the plaintiff herein any balance which should remain unpaid." It must be noted particularly that plaintiff's present action is not based upon the collateral bond of the defendant Bogdanoff. It is in fact predicated upon the subsequent agreement alleged to have been made by the defendant.

It is evident that the letter as quoted was signed in the corporate name by its president, and not by the defendant Bogdanoff individually. Consequently, the agreement to remain liable for any balance due on the indebtedness after the sale of the property and second mortgage is the obligation of Esdador alone. The letter contains no promise by Bogdanoff to be liable for Esdador's obligation to plaintiff.

With this in mind we turn to subsequent events. The second mortgage and deed were sold by plaintiff and its nominee to third parties for an agreed price of $1,650. The closing was attended by Harry Sacks, who acted as the attorney for Esdador and for the defendant. At the closing, Sacks gave to plaintiff the following letter:

" This is to certify that I have been present at the closing of the conveyance of a deed by Charlotte Rose to Hudson Rock Realties, Inc., and the assignment of the mortgage by Union Properties, Inc., to Samuel Gersten covering premises 1775 Townsend Avenue, for a consideration of Fifteen hundred ($1500.00) Dollars. Although the consideration was to have been Sixteen hundred and fifty ($1650.00) Dollars, an allowance of One hundred and fifty ($150.00) Dollars was made, by reason of the unpaid franchise tax on the Esdador Holding Corporation, Vics Realty Corporation, and also by the disclosure of a judgment filed against the Esdador Holding Corporation in the sum of One hundred ($100.00) Dollars, and the actual consideration received for the deed and mortgage was Fifteen hundred ($1500.00) Dollars, which, as I understand, is to be credited to the indebtedness of the Esdador Holding Corporation and Morris Bogdanoff, to Union Properties, Inc.

" I am aware that the transaction was closed to the best advantage of all parties concerned.

" Very truly yours,
" HARRY SACKS,
" *Attorney for Esdador Holding Corp.*
*and Morris Bogdanoff.*"

With respect to this letter plaintiff asserts that the statement contained therein that the $1,500 is " to be credited to the indebtedness of the Esdador Holding Corporation and Morris Bogdanoff, to Union Properties, Inc.," amounts to an acknowledgment by Bogdanoff through his authorized attorney of the existence of an indebtedness on his part and a promise to pay it. However, it must be remembered that the words as quoted from the letter signed by Sacks in the absence of Bogdanoff are qualified by the clause " as I understand." Defendant Bogdanoff was not indebted to plaintiff. His obligation, arising out of his collateral bond guaranteeing payment of the second mortgage, never ripened into an indebtedness.

When plaintiff's nominee and plaintiff sold the deed together with the second mortgage to Hudson Rock Realties, Inc., and Samuel Gersten, respectively, it lost its rights to hold defendant Bogdanoff on his written guaranty of payment. As a matter of fact, the original complaint, based upon defendant's collateral bond, was dismissed for failure to state a cause of action, and no appeal was taken from that order. Since the writings are insufficient to hold Bogdanoff, all that remains is the allegation contained in the amended complaint that he orally agreed to assume payment of the balance of the Esdador's indebtedness, after the sale of the deed and second mortgage. The Statute of Frauds, therefore, is a complete defense to the action.

It may be remarked that plaintiff, Union Properties, Inc., has framed its amended complaint in a manner which tends to mislead. However, we do not say that the pleader had any such thought in mind. The complaint quotes verbatim the two letters to which reference has been made. In each instance the signature to the letter is omitted. It thus is made to appear by appropriate allegations that the letter of the corporation was in fact the letter of the defendant Bogdanoff. The same is true with regard to the letter signed by the attorney Sacks. It was in all probability because of these omissions that defendant's motion to dismiss the amended complaint necessarily was denied at Special Term on a motion under rule 106 of the Rules of Civil Practice. We now have all of the facts before us, and they clearly indicate that plaintiff's alleged cause of action is without merit.

Accordingly, the order should be reversed, with twenty dollars costs and disbursements, and summary judgment dismissing the complaint granted in defendant's favor.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.