Charles A. Loreto, J.
Plaintiff moves for summary judgment on a cause of action for breach of an employment agreement with the corporate defendant. It is alleged that it was made.' while he was an officer, director and principal stockholder of the corporation. Apparently the employment contract was authorized by a resolution passed by a special meeting of the board of directors of the corporation and subsequently was embodied in a letter signed by an officer of the corporation, addressed to the plaintiff, who signed his name below the words ‘ ‘ accepted and agreed to ”.
Defendant, by the first defense contained in its answer, puts in issue the validity of the resolution and the agreement. It is contended that plaintiff’s presence may not be counted in determining whether a majority of the board of directors passed the resolution, nor may it be counted in determining whether there was a quorum of the directors present as required to hold a valid and duly constituted meeting.
The certificate of incorporation of the corporate defendant provides that ‘ ‘ A director of this corporation shall not be disqualified by his office from dealing or contracting with this corporation * * * nor shall any transaction or contract of this corporation be void or voidable by reason of the fact that any director * * * is * * * in any way interested in such transaction or contract, provided that such transaction or *302 contract is or shall be authorized, ratified or approved, either (1) by a vote of a majority of a quorum of the Board of Directors or of the Executive Committee without counting in such majority or quorum any director so interested or member of a firm so interested or a shareholder, officer or director of a corporation so interested, or (2) by the written consent or by a vote at a stockholders’ meeting of the holders of record of a majority in number of all the outstanding shares of capital stock of this corporation entitled to vote; nor shall any director be liable to account to this corporation for any profits realized by and from or through any such transaction, or contract of this corporation authorized, ratified or approved as aforesaid by reason of the fact that he * * * was interested in such transaction or contract. ’ ’ (Italics supplied.)
The language is clear and unequivocal that plaintiff is disqualified as a director from voting upon a resolution concerning an employment contract between himself and the corporation and also that his presence may not be counted for the purpose of ascertaining whether a quorum was present when the vote was taken.
Concededly there was no meeting held by the stockholders of the corporation authorizing the employment of plaintiff. Plaintiff, nevertheless, contends that the letter agreement of employment having been signed by an officer of the corporation and accepted by him was,- in effect, ‘1 ratified or approved * * * by the written consent * * * of the holders of record of a majority in number of all the outstanding shares of capital stock of [the] corporation entitled to vote ”. Plaintiff argues that both he and the other person who signed the letter agreement were stockholders who owned a majority of the stock of the corporation, that they did so as individuals in their personal right. There is no merit to this contention. An agreement, letter or other paper signed in a corporate name by one as an officer must be considered solely a corporate obligation or act and cannot be considered as the obligation or act of the individual signing as an officer (Union Props, v. Bogdanoff, 250 App. Div. 282).
Plaintiff also makes the same argument with respect to the affirmative votes registered at the meeting of the board of directors, contending that since he and another director casting an affirmative vote in favor of plaintiff’s employment, as individuals, constituted holders of record of a majority of the stock of the corporation, their acts may be equated as stockholders ratifying or approving the employment of plaintiff. This argument is specious. The conduct of a director at a meet *303 ing of the board of directors must be treated as his act as a director exercising the power of control of the corporate affairs, subject to his duty and trust to exercise that power faithfully to promote the corporate interests. It would be conflicting with and violative of his duty and trust to the corporation to permit the director to consider such act and vote to have been performed or given in his individual capacity for his personal benefit. The motion is denied.