■ MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Appellant, v VEND TECHNOLOGIES, INC., et al., Respondents. — Order, Supreme Court, New York County (Allen Murray Myers, J.), entered November 4, 1983, which, *inter alia,* denied plaintiff's motion for summary judgment and granted defendants' cross motion to dismiss the second and third causes of action, unanimously modified, on the law, without costs or disbursements, to grant plaintiff's motion for summary judgment as to the first cause of action against defendant Vend Technologies, Inc. and, except as thus modified, affirmed. ¶ Contrary to Special Term's finding we are unable to discern any issue with respect to the first cause of action in which plaintiff, the issuer of an irrevocable letter of credit in the sum of $100,000, seeks to recover that sum from Vend, on whose behalf it issued the credit, under an agreement requiring Vend to reimburse plaintiff on demand any amounts paid on drafts drawn under the letter of credit. Special Term found an issue of fact as to when the sight draft and document required by the terms of the credit were presented. The letter of credit specified an expiry date of January 1, 1983, a Saturday and legal holiday. In its initial moving affidavit plaintiff's vice-president stated that the beneficiary's sight draft and document were presented on January 3, 1983 and that on January 4, 1983 plaintiff paid the beneficiary $100,000 under the credit. In a subsequent affidavit the vice-president corrected that statement, saying that, in fact, the beneficiary had presented the sight draft and document to plaintiff on December 30, 1982. Annexed to the second affidavit were copies of these documents, on the back of both of which appears plaintiff's stamp showing that they were received on Thursday, December 30, 1982. In light of the stamped notation of receipt, there is no real issue as to the date the documents were presented. But even if the beneficiary did not present its draft and document until January 3, 1983, as originally claimed, the terms of the credit would have been satisfied. Article 39 (a) of the Uniform Customs and

Practices for Documentary Credits (UCP) provides that where an expiry date falls on a day on which the banks are closed the expiry date will be extended to the first following business day. Thus, under article 39 (a) the expiry date was automatically extended to Monday, January 3, 1983. The UCP further provides, under article 8 (d), that an issuing bank has a reasonable time to examine the documents and determine whether they conform to the terms and conditions of the credit. Accordingly, plaintiff properly made payment on the credit on January 4, 1983, irrespective of whether the draft and required document were presented on December 29, 1982 or January 3, 1983. ¶ Special Term also found even a "more important factual issue" in the question as to whether plaintiff complied with article 39 (c) of the UCP requiring that banks paying, accepting or negotiating a credit on such extended expiry date add a specified certification to the documents. Aside from the fact that this finding is based on the erroneous premise that the draft documents were presented on the automatically extended expiry date, the certification question does not present a factual issue. There is no requirement in article 39 (c) that a bank add a certification upon accepting a credit; nor is there any other time constraint for certification. Lack of certification is a mere informality which does not affect the propriety of the letter of credit transaction. ¶ We agree with Special Term, however, that plaintiff and the individual defendants never reached agreement on the essential terms of the proposed individual guarantees and that, as a matter of law, no contract was ever formed. (*United Press v New York Press Co.,* 164 NY 406.) Even if there had been an oral agreement on all the essential terms the oral promises would still be void pursuant to the Statute of Frauds. (General Obligations Law, § 5-701; *Union Props. v Bogdanoff,* 250 App Div 282.) Accordingly, the second and third causes of action based upon such purported guarantees were properly dismissed. Concur — Sullivan, J. P., Carro, Bloom, Milonas and Kassal, JJ.